LEMMON, Judge
(concurring).
I concur in the result, although I disagree that the trial judge took into consideration in his award any humiliation and mental anguish suffered by the plaintiff.
The damages sustained by the plaintiff in this case were measured by reasonable estimates of the cost to repair them. Two appraisers surveyed the damage to the house, one on behalf of each party to the appeal, and their estimates of repair costs were very similar. The trial court award of $918.00 was exactly the amount estimated by plaintiff’s expert to repair the physical damage caused by the vandalism.
Had plaintiff chosen not to repair his house at all, he would be entitled to damages in accordance with the appraisals. Although he chose to repair the house, he expended only $330.00 in cash on these repairs. However, he also expended nine months of his part time labor to complete the restoration.
By holding that the trial court award includes damages for humiliation and mental anguish, the majority by implication does not allow plaintiff his full measure of property damage. I would not penalize plaintiff for performing his own repairs by allowing him a lesser amount for property damage than he actually suffered. In my opinion we should base the award, as the trial judge did, on the reasonable cost of repairing the damage actually sustained by the plaintiff, as proved by competent experts.